UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DAVIS,

        Petitioner,

v.                                    Case No.: 13-14045

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING CERTIFICATE OF APPEALABILITY**

Petitioner David Davis filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, challenges his convictions for second-degree murder, felony firearm, and being a fourth-time habitual offender. He raises several sentencing-related claims and an ineffective assistance of counsel claim. Respondent has filed a response arguing that the claims are not cognizable on federal habeas review and/or meritless. For the reasons set forth, the court will deny the petition.

**I. BACKGROUND**

Petitioner's convictions arise from the shooting death of his estranged wife Marian Easter and the shooting of Marian's mother Jo Ann Easter in 2008. Jo Ann Easter testified at the preliminary examination that, on the evening of September 9, 2008, Petitioner came to her house in the City of Flint looking for her daughter Marian. Jo Ann told Petitioner he was not welcome in her home and shut and locked the door. Petitioner knocked down the front door. Jo Ann called 911 and Petitioner left.

Jo Ann asked the 911 operator to send police because she believed Petitioner would return and that he would harm her and her daughter.  Police did not respond.  Jo Ann called 911 again 45 minutes later because she feared Petitioner would return.  She was told that there was a high volume of police calls and an insufficient number of officers available to respond.

Jo Ann's daughter returned home at approximately 10:00 p.m.  At approximately midnight, as Jo Ann and Marian were watching television, Petitioner returned to the home and again knocked down the door.  Petitioner pulled out a gun and started firing.  He shot Marian in the chest.  Jo Ann attempted to shield her daughter and was shot two or three times in the stomach, in both of her legs, in her arm, her buttocks and her hand.  Marian suffered five gunshot wounds, four of which would have been fatal.

Petitioner was charged with first-degree murder, assault with intent to murder, first-degree home invasion, felon in possession of a firearm, and felony firearm.  On June 9, 2009, Petitioner pleaded no contest to second-degree murder, felony firearm, and being a four-time habitual offender.  The plea agreement allowed Petitioner to be sentenced under the guidelines for manslaughter though he was pleading to second-degree murder.  On July 2, 2009, Petitioner was sentenced to 19 to 55 years' imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) OV-5 was incorrectly scored; (ii) trial court failed to consider mitigating evidence; and (iii) the sentence was disproportionate.  The Michigan Court of Appeals denied leave to appeal. *People v. Davis,* No. 298681 (Mich. Ct. App.

Sept. 2, 2010). Petitioner sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal, *People v. Davis*, 794 N.W.2d 1039 (Mich. 2011), and denied a motion for reconsideration. *People v. Davis*, 796 N.W.2d 57 (Mich. 2011).

Petitioner filed a motion for relief from judgment in the trial court arguing that his plea was coerced by his attorney's ineffective assistance. The trial court denied the motion. 9/27/11 Order, *People v. Davis*, No. 08-024059. Petitioner sought leave to appeal the denial in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Davis*, No. 309051 (Mich. Ct. App. June 25, 2013); *People v. Davis*, 832 N.W.2d 223 (Mich. June 25, 2013).

Petitioner then filed the pending habeas petition. He raises these claims:

I. The trial court unlawfully deprived Davis of his due process, equal protection and other protected rights when it scored 15 points on Offense Variable 5.

II. The trial court unlawfully deprived Davis of his due process, equal protection and other protected rights under the United States and Michigan Constitutions when it failed to take into account all mitigating evidence in sentencing Davis.

III. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing Davis to a prison term of 228 - 600 months on a habitual offender fourth supplement arising out of the second-degree murder conviction.

IV. Mich. Ct .R. 6.500 ineffective assistance of counsel: (1) Davis was denied the effective assistance of counsel as guaranteed by the United States Constitution Sixth and Fourteenth Amendments and the Michigan Constitution of 1963, art. 1 § 20, where the cumulative effect of trial counsel's errors and lack of diligence in the obtaining of evidence, keeping Davis fully apprised of her efforts or putting the prosecution's case to the test, denied him his right to a fair trial and thus coerced him to enter a plea of nolo contendere, under duress, against his will.

Respondent filed an answer in opposition arguing that the claims are meritless.

## II. LEGAL STANDARD

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's

4

application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*,

203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Scoring of Offense Variable 5

Petitioner's first habeas claim argues that the trial court erred in its scoring of Offense Variable 5.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Therefore, habeas corpus relief is not available for this claim.

## B. Mitigating Evidence

Petitioner's second argument, that the trial court erred when it failed to consider mitigating evidence when sentencing him, is also not cognizable on federal habeas review.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). The Constitution does not require a sentencing court to consider mitigating circumstances in non-capital cases. *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990). *Accord United States v. Walker*, 506 F. App'x 482, 490 (6th Cir. 2012), citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) ("[T]he Eighth Amendment does not require a consideration of a defendant's mitigating factors in a non-capital case."). Moreover, any alleged violation of the Michigan Constitution is not cognizable on habeas review because habeas review is limited to alleged violations of the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Accordingly, the trial court's failure to consider mitigating evidence fails to state a federal constitutional claim.

## C. Proportionality in Sentencing

Petitioner argues in his third habeas claim that his sentence violates the Michigan and United States Constitutions because the sentence is disproportionate to the offenses.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin,* 501 U.S. at 1001 (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003), citing *Harmelin*, 501 U.S. at 999. "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Petitioner's sentence falls within the statutory maximum; therefore, this court defers to the decision of the state court. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted). Additionally, the claim that the sentence violated the Michigan Constitution is not cognizable on federal habeas review.

### D.  Voluntariness of Plea/Ineffective Assistance of Counsel Claim

Petitioner claims that his plea was not knowingly and voluntarily entered because his attorney rendered ineffective assistance in failing to adequately investigate the case.

He claims counsel should have obtained Petitioner's clothes from the night of the shooting and subjected them to testing, conducted a shoe print investigation, and arranged for forensics, ballistics and DNA testing.

Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the court finds that the interests of judicial economy are best served by addressing the merits of this claim.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Before accepting Petitioner's plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement,

determined that no promises, other than those encompassed in the plea agreement, had been made to him, and no one had threatened Petitioner to force him to enter the plea. Petitioner represented that he understood the terms of the plea agreement. In denying Petitioner's motion for relief from judgment, the trial court held that the plea was knowingly and voluntarily entered. The record supports this conclusion.

The trial court also denied Petitioner's argument that the ineffective assistance of counsel rendered his guilty plea involuntary. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Petitioner argues that his attorney was ineffective in failing to investigate various aspects of the case. Where a habeas petition alleges counsel failed to investigate or discover potentially exculpatory evidence, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 58.

Petitioner fails to identify any information that could have been obtained through investigation which would have led counsel to change the plea recommendation. First, the record shows that, at the preliminary examination, Petitioner's mother-in-law identified him as the shooter and he offers no explanation as to why identification was an issue that would have been disputed. Therefore, his argument that counsel should have pursued DNA, shoe print, and other forensics evidence has no apparent significance in the preparation of a defense. He provides no concrete argument that any of this investigation would have altered the decision to enter a plea. Petitioner's claim that counsel should have and could have done more is conclusory. It is well-settled that conclusory allegations are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir.2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief). Petitioner does not allege that, but for counsel's alleged errors, he would have insisted on going to trial instead of pleading guilty. Petitioner's conclusory arguments that counsel failed to investigate possible defenses are insufficient to show that the state court's decision denying relief on this claim was an unreasonable application of *Strickland*.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief should be granted. Therefore, the court denies a certificate of appealability.

## V. CONCLUSION

The decision of the Michigan state court was not contrary to clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. #1) is DENIED.

IT IS FURTHER ORDERED THAT the court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14045.DAVIS.deny habeas.RHC.wpd